CROW et al., Appellants,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Crow v. Nationwide Mut. Ins. Co.*, 159 Ohio App.3d 417, 2004-Ohio-7117.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 04 CA 21.

Decided Dec. 27, 2004.

Stebelton, Aranda & Snider, and John M. Snider, for appellants.

Grey Jones & Associates, Grey W. Jones, and Cheryl L. Ryan, for appellee.

Wise, Judge.

{¶ 1} Appellants, Eric and Rita Crow, appeal the decision of the Fairfield County Court of Common Pleas that granted the motion of appellee, Nationwide

Mutual Insurance Company, to strike a stipulation and motion for summary judgment. The following facts give rise to this appeal.

{¶ 2} On January 22, 1992, the date of the accident, Eric Crow was an employee of Nationwide. On that date, a juvenile tortfeasor lost control of the vehicle she was driving and struck Crow's vehicle, causing him bodily injuries. Appellants settled their claims with the tortfeasor's liability carrier for the policy limits of $100,000.

{¶ 3} On May 21, 2002, appellants filed a complaint against Nationwide for personal injuries, loss of consortium, and declaratory judgment. Appellants alleged, pursuant to *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, that they are entitled to underinsured-motorist coverage under certain policies Nationwide issued to them. On July 18, 2002, the parties filed a joint stipulation specifically identifying the two policies at issue: (1) Business Auto Policy, 85BA950–600–0006, and (2) Blanket Protector Policy, 85BA950–600–0002.

{¶ 4} Subsequently, on May 14, 2003, the parties entered into a second stipulation containing the following:

{¶ 5} "This Stipulation is entered into jointly by the parties in an effort to resolve the coverage issues relative to the two separate policies of insurance issued by the Defendant, Nationwide Mutual Insurance Company, and to avoid the necessity of filing summary judgment motions. To this end, the parties, through their respective attorneys, stipulate as follows:

{¶ 6} "1. The Nationwide Mutual Insurance Company Blanket Protector Policy * * * provides uninsured/underinsured motorist coverage to Plaintiffs, Eric and Rita Crow, in the amount of $1,000,000.

{¶ 7} "2. The Nationwide Mutual Insurance Company Business Auto Policy * * * does not provide uninsured/underinsured motorist coverage, or any other type of coverage, to Plaintiffs, Eric and Rita Crow.

{¶ 8} "3. Nothing in this Stipulation shall constitute an agreement or admission regarding the amount and kind of damages sustained by Plaintiffs, if any. The purpose of this Stipulation is to reach an agreement regarding the amount and kind of coverage available to the Plaintiffs, if they prove that they are entitled to damages."

{¶ 9} On November 13, 2003, Nationwide filed a motion to strike those stipulations based upon the Ohio Supreme Court's decision in *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. The trial court granted Nationwide's motion to strike on December 15, 2004. On January 28, 2004, Nationwide filed a motion for summary judgment, which the trial court granted on March 22, 2004.

{¶ 10} Appellants timely filed a notice of appeal and set forth the following assignment of error for our consideration:

{¶ 11} "I. The trial court erred as a matter of law, to the prejudice of plaintiff-appellants, in granting defendant-appellee's 'motion to strike stipulation filed May 14, 2003' via its entry of December 15, 2003, and, as a result, in granting summary judgment in favor of defendant-appellee via its entry of March 22, 2004."

## Summary Judgment Standard

{¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212. In doing so, we must refer to Civ.R. 56, which provides:

{¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶ 14} Pursuant to that rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed.  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case.  The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim.  If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 15} It is based upon this standard that we review appellants' assignment of error.

**I**

{¶ 16} In their sole assignment of error, appellants contend that the trial court erred when it granted Nationwide's motion to strike the stipulation and subsequent motion for summary judgment. We disagree.

{¶ 17} Appellants set forth three main arguments in support of their assignment of error. First, appellants contend that the stipulations are akin to a binding partial settlement agreement and/or accord and satisfaction and, therefore, that Nationwide should not be permitted to withdraw the stipulations. Second, appellants maintain that the stipulations relate to issues of ultimate fact, rather than law, and memorialize the parties' agreement on the ultimate fact of contract interpretation. Finally, appellants argue that because the stipulations are based upon contract interpretation rather than an analysis of Ohio's insurance law, any change in the law does nothing to alter the underlying stipulations of the parties.

{¶ 18} A stipulation is "a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point to avoid the necessity for proof on an issue." *Rice v. Rice* (Nov. 8, 2001), Cuyahoga App. No. 78682, 2001 WL 1400012, at * 4. "A stipulation of fact renders proof unnecessary." Id. "Where parties choose to stipulate facts in lieu of presenting evidence, they 'waive[ ] any error that may have occurred with respect to the fact that the trial court decided this case without hearing evidence presented by the parties.'" Id., quoting *Fareydoon–Nezhad v. Kilgore* (Dec. 18, 1998), Lawrence App. 98 CA 3, 1999 WL 913, at * 3.

{¶ 19} Although litigants may stipulate to facts, they may not stipulate as to what the law requires. *Diversified Capping Equip., Inc. v. Clinton Pattern Works Inc.* (Apr. 12, 2002), Wood App. No. WD–01–035, 2002 WL 537998, at *4, citing *Estate of Ralston v. Metro. Prop. & Cas. Ins. Co.*, 146 Ohio App.3d 630, 2001-Ohio-3478, 767 N.E.2d 789, at ¶ 12. "Thus, stipulations of law or stipulations as to legal conclusions are not binding upon the court." *Diversified Capping Equip., Inc.*, id. at *4. Further, "stipulations involving legal conclusions do not relieve a trial court of its duty to determine matters 'upon its own analysis of the pertinent facts and legal theories.'" Id., quoting *Burdge v. Franklin County Bd. of Cty. Commrs.* (1982), 7 Ohio App.3d 356, 357–358, 7 OBR 454, 455 N.E.2d 1055.

{¶ 20} It is within the trial court's discretion to grant relief from a stipulation. "A trial court's decision with regard to granting or denying relief from a stipulation will not be interfered with on appeal except where the trial court has been guilty of manifest abuse of discretion." *Rice,* 2001 WL 1400012, at * 4, citing *Horner v. Whitta* (Mar. 16, 1994), Seneca App. No. 13–93–33, at 3, 1994 WL 114881. In order to find an abuse of discretion, we must determine that

the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Finally, "[p]arties or their attorneys cannot by agreement require the court to give to a written contract an effect other than its legal import." 89 Ohio Jurisprudence 3d (1989), Trial, Section 74.

{¶ 21} In granting Nationwide's motion to strike the stipulations, the trial court explained that the law had changed substantially, pursuant to *Galatis* and *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142, and, therefore, that the policy at issue does not provide coverage, even though the parties had stipulated otherwise. In support of the trial court's decision, Nationwide cites two cases on appeal: *Chas. Todd Corp., Inc. v. Rosemont Industries, Inc.* (1990), 66 Ohio App.3d 691, 586 N.E.2d 139, and *Estate of Ralston*, supra. Both of these cases involve facts wherein the parties stipulated to the applicable law. The courts of appeals rejected these stipulations. In doing so, the court in *Chas. Todd Corp., Inc.*, explained:

{¶ 22} "The trial court's reliance upon counsel's agreement as to the status of the applicable law of Missouri was misplaced. The trial court failed to satisfy its duty to disregard stipulations as to the law, and to conduct its own independent analysis of existing case law." Id., 66 Ohio App.3d at 693, 586 N.E.2d 139.

{¶ 23} In reaching a similar conclusion, the court in *Estate of Ralston* held:

{¶ 24} "Before delving further into the issue, we must point out that it is irrelevant that National eventually agreed that Ohio law would apply to the entire case. The reason behind this irrelevancy is that litigants may not generally stipulate as to what the law requires. Stipulations on legal conclusions are not binding on the court." Id., 146 Ohio App.3d 630, 767 N.E.2d 789, ¶ 12.

{¶ 25} Although appellants contend that the stipulations are not legal conclusions, we find otherwise. An injured person is entitled to coverage under an insurance policy if he is an "insured" as defined in the terms of the policy. The interpretation of an automobile liability insurance policy presents a question of law. See, e.g., *Nationwide Mut. Fire Ins. Co., v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. Therefore, the determination of whether an injured person is an insured under an automobile liability policy is a legal issue that must be decided by the trial court. Because stipulations on legal conclusions are not binding on the court, the parties may not stipulate that coverage exists when the law clearly indicates otherwise. Accordingly, the trial court did not abuse its discretion when it granted Nationwide's motion to strike the stipulation.

{¶ 26} Further, the trial court did not err when it granted Nationwide's motion for summary judgment. Pursuant to the Ohio Supreme Court's decision in *Galatis*, "[a]bsent specific language to the contrary, a policy of insurance that

names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." *Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at paragraph two of the syllabus. Appellant Eric Crow was not within the course and scope of his employment at the time of the accident and therefore is not covered by the policies issued by Nationwide.

{¶ 27} Appellants' sole assignment of error is overruled.

{¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.

Judgment affirmed.

FARMER, J., concurs.

WILLIAM B. HOFFMAN, P.J., dissents.

WILLIAM B. HOFFMAN, Presiding Judge, dissenting.

{¶ 29} I respectfully dissent from the majority opinion.

{¶ 30} What is unique about the case sub judice is that the stipulation resolved the ultimate issue to be decided, i.e., whether coverage did or did not exist under Nationwide's two insurance policies. It was not merely a stipulation of fact or of what the law requires.

{¶ 31} Declaratory judgment actions are special proceedings. Because the stipulation declared what the rights of the parties were with respect to the issues to be determined in the declaratory judgment portion of appellants' complaint, the trial court was relieved of its duty to determine the matter upon its own analysis of the pertinent facts and legal theories. In this sense, this case is different from the *Diversified Capping Equip.* case quoted in the majority opinion.

{¶ 32} In the same vein, this case is different from the *Chas. Todd Corp.* and *Estate of Ralston* cases relied upon by Nationwide and cited in the majority opinion. While the parties may not be able to stipulate as to what the law requires, here the stipulation went to what the insurance contracts required, not the law. There was no need for further interpretation of the contracts, as a matter of law, by the trial court.

{¶ 33} Furthermore, the stipulation did not require the trial court to give the insurance contracts an effect other than their legal import at the time the stipulation was agreed to. Although a subsequent change in case law may affect the insurance contract's legal import, the crucial point in time at which the

contract's legal import is to be determined is that point in time at which the stipulation was entered into.

{¶ 34} Both parties were free to enter into the stipulation. I have no doubt that counsel for both parties were well aware that *Galatis* was pending in the Ohio Supreme Court when they entered into the stipulation. By doing so, both parties voluntarily agreed to hedge their bets. The benefit of hindsight (*Galatis*) should not be grounds to relieve one party of its agreement to the detriment of the other in the absence of fraud, duress, or misrepresentation. The result reached by the trial court allows appellee to have its cake and eat it too.

{¶ 35} I would reverse the trial court's decision to allow Nationwide to withdraw its stipulation and, therefore, reverse the summary judgment in favor of appellee based thereon.