[Cite as *In re N.G.*, 2014-Ohio-3190.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN RE:

    N.G.,

ALLEGED DELINQUENT CHILD.

CASE NO. 5-13-35

O P I N I O N

Appeal from Hancock County Common Pleas Court
Juvenile Division
Trial Court No. 20920318

**Judgment Reversed and Cause Remanded**

Date of Decision: July 21, 2014

APPEARANCES:

    *Amanda J. Powell* **for Appellant**

    *Mark C. Miller* and *Rebecca S. Newman* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Appellant N.G. ("N.G.") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Juvenile Division, denying his motion to vacate his sentence for being void. For the reasons set forth below, the judgment is reversed.

{¶2} On July 6, 2009, the State filed a complaint in the juvenile court alleging that N.G., who was thirteen years of age at that time, appeared to be a delinquent child by engaging in sexual conduct with a child under the age of thirteen, which would constitute a charge of rape if committed by an adult. Doc. 1. N.G. entered a plea of deny to the allegations. Doc. 3. On September 8, 2009, a case in which N.G. was a defendant and which was filed in the Court of Common Pleas of Hancock County, General Division, was transferred to the juvenile division. Doc. 12. This case was based upon a bill of information filed that set forth seven counts of rape with specifications that N.G. was a serious youthful offender. *Id.* On September 9, 2009, N.G. waived his right to be charged by indictment and consented to prosecution by information. Doc. 14. A hearing was held to arraign N.G. on the information on that same day. Doc. 15. At that time, N.G. admitted to the charges. *Id.* The trial court accepted the admission, found N.G. to be delinquent, and proceeded to impose a blended sentence upon N.G. Doc. 19.

**Having heard statements of counsel for the State of Ohio and counsel for the Defendant along with parents of the victims, the Court made inquiry of the Defendant if he has anything to say in mitigation of sentence in his own behalf and the Court being so advised considered al [sic] relevant factors finds the offender is not amenable to available community sanctions and ORDERS that the Defendant serve a stated term of ten (10) years in prison for count one and ten (10) year [sic] for count two, to be served *consecutively*, and the sentences in counts three through seven shall run *concurrently* with counts one and two, and that a minimum sentence would be demeaning and would not adequately protect the public.**

**The Court finds for reasons stated on the record, pursuant to [R.C. 2929.14(E)], that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public.**

**The Court has notified the Defendant that post released [sic] control imposed by the Parole Board under [R.C. 2967.28]. The Defendant is ORDERED to serve as part of this sentence any term of post released [sic] control imposed by the Parole Board, and any prison term for violation of the post release control.**

**Whereupon, the Court ORDERS that the Adult portion of this sentence is hereby suspended on the condition that said child successfully completes the Juvenile Residential Center of Northwest Ohio or the Ohio Department of Youth Services commitment and aftercare as outlined below.**

**As to the Juvenile portion of this sentence, and there being no objections, the Court finds said child to be a *serious youth offender* as defined by [R.C. 2911.01, 2909.04, and 2152.02] in committing the seven counts of rape, felonies of the first degree.**

**Upon due consideration of all facts in said matter, the Court ORDERS that said child is hereby committed to the legal custody of the Ohio Department of Youth Services for institutionalization for an indefinite term consisting of a**

> **minimum period totaling one (1) year for each count to be served *consecutively*, and a maximum period not to exceed the child's attainment of the age of twenty-one (21) years.**
>
> **The Court further ORDERS that the Ohio Department of Youth Services Commitment is hereby suspended on a day-to-day basis upon said child's successful completion of the treatment program at the Juvenile Residential Center of Northwest Ohio (JRC) at 1012 Dunbridge Road, Bowling Green, Ohio 43402 (Public Safety Bed) and the aftercare program upon his release.**

Doc. 19, 2-4.

{¶3} On July 8, 2011, an arrest warrant was issued when N.G. violated the terms of his probation by violating curfew by spending the night away from home without permission and without notifying his parents of where he would be. Doc. 24. A further notice of probation violation was filed on July 13, 2011, and alleged that N.G. had sent an inappropriate photo of his penis to another juvenile and was engaging in sending text messages of a sexual nature. Doc. 25. On July 15, 2011, the State filed a motion to invoke the adult portion of his sentence as a result of these activities. Doc. 26. A hearing was held on the motions on July 26, 2011. Doc. 30. The trial court made findings that N.G. had successfully completed the treatment program at JRC, and was then placed on probation. *Id.* The trial court determined that N.G. had not successfully completed his aftercare portion (the probation), found that the parties had stipulated to the fact that he had violated the terms of his probation, and ordered that the adult portion of the sentence be

invoked. *Id.* N.G. was then remanded back to the Wood County Juvenile Detention Center pending a pre-sentence investigation. *Id.*

{¶4} A sentencing hearing was held on September 8, 2011. Doc. 32. The trial court then sentenced N.G. as follows.

> **This Court has previously found that said youth has not successfully completed the subsequent aftercare and finds that all parties stipulate that said youth has been in violation of his supervision and ORDERS that the adult portion of said youth's sentence shall be invoked.**
>
> **The Court also finds that all parties stipulate that said child is at least fourteen years of age; had been admitted to a department of youth services facility (Juvenile Residential Center of Northwestern Ohio); is serving the juvenile portion serious youthful offender dispositional sentence; has committed an act in violation of his supervision; demonstrates that he is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction; and has engaged in conduct that creates risk to victims and/or the community.** *ORC 2152.14(E)(1)*
>
> **\* \* \***
>
> **It is therefore ORDERED that said child serve a term of seven(7) [sic] years in prison for count one and seven(7) [sic] years for count two, to be served concurrently. Said child shall be granted credit for time served of 129 days along with future custody days while Defendant awaits transportation to the appropriate state institution. In counts three(3) [sic] through seven(7) [sic], court costs shall be assessed only.**
>
> **The Court ORDERS that said child is also subject to a period of five(5) [sic] years post release control, which is imposed by the Parole Board under [R.C. 2967.28].**

Doc. 32, 2-3. N.G. filed a delayed appeal from this judgment on April 9, 2012. Doc. 33. On May 25, 2012, this court dismissed the appeal as untimely. Doc. 40.

{¶5} On July 24, 2013, N.G. filed a motion to vacate his sentence as being void. Doc. 42. The motion alleged the sentence was void because the trial court erred in invoking the adult portion of his sentence. *Id.* N.G. argued that he had not previously been admitted to a department of youth services ("DYS") facility. *Id.* On September 25, 2013, the trial court denied the motion claiming that it lacked jurisdiction to rule on it. Doc. 46. N.G. filed a notice of appeal from this judgment on October 25, 2013. Doc. 47. On appeal, N.G. raises two assignments of error.

### First Assignment of Error

**The Hancock County Juvenile court erred when it determined that it was without jurisdiction to rule on N.G.'s request to vacate a void sentence.**

### Second Assignment of Error

**The Hancock County Juvenile Court was without authority to invoke the adult portion of N.G.'s serious youthful offender disposition; therefore, the sentence is void and must be vacated.**

{¶6} In the first assignment of error, N.G. claims that the trial court erred in finding it lacked jurisdiction to hear his motion to vacate the sentence. On review, the trial court determined that it did not have jurisdiction to hear the motion because it was actually an untimely motion for post-conviction relief. The trial

court also indicated that the alleged error could have been raised on direct appeal, but was not. The Ohio Supreme Court has held that if an imposed sentence is not authorized by law, it is void. *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10.

> **The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.**

*Id.* (quoting *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12). A sentence that is void is not subject to the limits of the doctrine of res judicata and may be reviewed at any time, either on direct appeal or by collateral attack. *Billiter, supra* at ¶ 10. If the sentence is void, then it can be raised at any time and is not a petition for post-conviction relief. *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 19 (9th Dist.) (citing *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 13, holding that a trial court has an obligation to recognize a void sentence and to vacate it and may not ignore it). *See also State v. Rogers*, 8th Dist. Cuyahoga NO. 98059, 2012-Ohio-4598 and *State v. Thomas*, 1st Dist. Hamilton Nos. C-100411, C-100412, 2011-Ohio-1331.

{¶7} In this case, N.G. filed a motion to have his sentence vacated because he alleged that the sentence was contrary to law and was thus void. Because it raises the question of whether the sentence was contrary to law and void, the trial

court must first determine whether the argument is colorable before deciding the motion is actually an untimely petition for post-conviction relief and dismissing the motion for lack of jurisdiction. Thus, this court must first determine whether N.G. raised a colorable claim that the sentence was contrary to law before it can rule on the trial court's decision to dismiss the motion for a lack of jurisdiction. That is the topic of the second assignment of error.

{¶8} In the second assignment of error, N.G. claims that the trial court erred by invoking the adult portion of his sentence because it did not comply with the statutory requirements. R.C. 2152.14 governs the requirements for invoking the adult portion of a blended juvenile sentence.

> **(E)(1) The juvenile court may invoke the adult portion of a person's serious youthful offender dispositional sentence if the juvenile court finds all of the following on the record by clear and convincing evidence:**
>
> **(a) The person is serving the juvenile portion of a serious youthful offender dispositional sentence.**
>
> **(b) The person is at least fourteen years of age and has been admitted to a [DYS] facility, or criminal charges are pending against the person.**
>
> **(c) The person engaged in the conduct or acts charged under division (A), (B), or (C) of this section, and the person's conduct demonstrates that the person is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction.**

R.C. 21523.14[1]  The sole dispute in this case is whether N.G. had ever been admitted to a DYS facility at the time the adult portion of the sentence was invoked.

{¶9} Here, the trial court made a specific finding that N.G. had previously been at a DYS facility based upon a stipulation of the parties.  A stipulation may be defined as a voluntary agreement made in a judicial proceeding by the parties as to some relevant point to eliminate the need to present proof of a fact.  *State v. Small*, 162 Ohio App.3d 375, 2005-Ohio-3813, 833 N.E.2d 774 (10th Dist.).  Although parties may stipulate to facts, they may not stipulate to legal requirements.  *Wilson v. Harvey*, 164 Ohio App.3d 278, 2005-Ohio-5722, 842 N.E.2d 83 (8th Dist.).  Stipulations as to legal requirements do not relieve the trial court of its duty to independently determine whether the statutory requirements are met.  *Crow, et al. v. Nationwide Mut. Ins. Co.*, 159 Ohio App.3d 417, 2004-Ohio-7117, 824 N.E.2d 127 (5th Dist.).  R.C. 2152.14(E) requires that the facility be a DYS facility in order to invoke the adult portion of the sentence, thus this is a legal requirement which must be independently determined by the trial court.

{¶10} There is no question that N.G. was sent to JRC.  There is also no question that the parties believed that this was a DYS facility.  However, the trial court was required to determine if this was the case.  Upon review, this court holds

---

[1] This is the version of the statute in effect at the time of N.G.'s adult portion of his sentence was invoked. A similar version went into effect on September 30, 2011.

that JRC was statutorily not a DYS facility, but rather was a community corrections facility ("CCF"). In support of N.G.'s motion, he filed Exhibits C and D. Exhibit C was a list of CCFs identified by DYS as providing dispositional alternatives to a DYS facility. Doc. 42. On this list is JRC, where N.G. was placed. JRC was identified as providing programming for sex offenders from Hancock County. *Id.* Exhibit D, on the other hand, lists the juvenile correctional facilities. These were identified as Circleville JCF, Cuyahoga Hills JCF, Indian River JCF, and Scioto JCF. *Id.* CCFs are statutorily defined as "a county or multicounty rehabilitation center for felony delinquents who have been committed to [DYS] and *diverted from care and custody in an institution* and placed in the rehabilitation center pursuant to [R.C. 5139.36(E)]." R.C. 5139.01(A)(14) (emphasis added). The statute also provides that DYS may make referrals to place children in its custody in CCFs in lieu of placing them in a DYS facility. R.C. 5139.36(C)(3)(a), (E)(2). The trial court in its original judgment entry of sentencing recognized the difference between placement in a DYS facility and placement in a CCF. The trial court specifically imposed a DYS commitment, then suspended that commitment to place N.G. in JRC, which is a CCF.

{¶11} Finally the Ohio Supreme Court has recognized that these treatment facilities are not detention at DYS. *In re Thomas*, 100 Ohio St.3d 89, 2003-Ohio-5162, 796 N.E.2d 908. In *Thomas*, the Supreme Court held that the time spent in a

rehabilitation center, i.e. a CCF, did not count towards the DYS commitment as it was not "detention." The Supreme Court said that the time spent in a CCF could only be counted if 1) the juvenile was held in the facility awaiting final adjudication of disposition, 2) the juvenile was held there while awaiting transport to a DYS facility, or 3) the juvenile was held in the facility awaiting disposition of a probation violation. *Id*. at ¶ 13. Otherwise, the Ohio Supreme Court held that time spent in a CCF was distinct from the DYS commitment and the time does not count towards the commitment. Although this is not the issue before us, it further bolsters the argument that time spent in a CCF does not equate to being admitted to a DYS facility.

{¶12} Here, N.G. had not been committed to a DYS facility. The commitment to a DYS facility was suspended and N.G. was placed in a CCF and then upon probation after successfully completing the program. Given this fact, the trial court erroneously determined that N.G. had been placed in a DYS facility based solely upon the mistaken belief of the parties. The statutory requirements for invoking the adult portion of a blended sentence were not met. Therefore, the sentence invoking the adult portion is contrary to law and is void. The second assignment of error is sustained.

{¶13} Having found that the sentence was void *ab initio* because the statutory requirements to invoke the adult portion of the sentence were not met, we

can now address the dismissal of the motion. The motion to vacate the sentence was not an untimely petition for post-conviction relief and should have been addressed by the trial court. In addition, the doctrine of res judicata would not apply because the sentence was void. The first assignment of error is sustained.

{¶14} Having found errors prejudicial to the defendant, the judgment of the Court of Common Pleas of Hancock County, Juvenile Division, is reversed and the matter is remanded to the trial court.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**