[Cite as *State v. Miller*, 2021-Ohio-4472.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

        CASE NO. 13-20-14

    PLAINTIFF-APPELLEE,

    v.

BRIAN J. MILLER,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from the Tiffin-Fostoria Municipal Court
Trial Court No. TRC 1903181

**Judgment Reversed**

Date of Decision:  December 20, 2021

APPEARANCES:

    *Blaise Katter* for Appellant

    *Charles R. Hall, Jr.* for Appellee

**WILLAMOWSKI, PJ.**

{¶1} Defendant-appellant Brian Miller ("Miller") brings this appeal from the judgment of the Tiffin-Fostoria Municipal Court. On appeal, Miller claims that the trial court erred by accepting a factual stipulation in lieu of a hearing for a motion to suppress, by denying the motion to suppress, and by improperly instructing the jury. For the reasons set forth below, the judgment is reversed.

{¶2} On August 31, 2019, Miller was arrested for operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.191(A)(1)(a) and (A)(1)(d). Doc. 1. At the station, Miller was given a breath test. Doc. 2. As part of the test requirements, an officer was required to observe Miller for a 20 minute period prior to testing to prevent oral intake of any material. Doc. 7. On January 28, 2020, Miller filed a motion to suppress the results of the breath test claiming that he had been chewing gum during the 20 minute observation period. Doc. 12. The date of the hearing came and the State was unable to proceed due to an illness. Doc. 55. As a result the parties agreed to stipulate to the fact that Miller had been chewing gum during the observation period and to make arguments as to the effect of this fact in written briefs. Doc. 55. The trial court subsequently ruled that Miller had not proven he was chewing gum and overruled the motion to suppress. Doc. 25. A jury trial was held on the matter on August 19, 2020.[1] Doc. 57. The jury returned

---

[1] Before trial, the State filed a motion to dismiss with prejudice the charge pursuant to R.C. 4511.19(A)(1)(a), preferring to only proceed with proving that Miller was driving a motor vehicle with a blood alcohol level

a verdict of guilty. Doc. 43. Miller appealed from the judgment and raises the following assignments of error.

### First Assignment of Error

**The trial court erred in not holding an evidentiary hearing on the motion to suppress or by accepting a factual stipulation in lieu of a hearing.**

### Second Assignment of Error

**The trial court erred by overruling the motion to suppress.**

### Third Assignment of Error

**The trial court committed prejudicial error by improperly instructing the jury that they could not consider competent, credible evidence that went directly to the weight of the evidence of an essential element of the offense, in violation of [Miller's] right to a jury trial and right to due process.**

{¶3} In the first assignment of error, Miller claims that the trial court erred by not holding an evidentiary hearing on the motion to suppress instead choosing to accept a factual stipulation. A stipulation may be defined as a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point to avoid the necessity for proof on an issue. *Wilson v. Harvey*, 164 Ohio App.3d 278, 2005-Ohio-5722, ¶ 12, 842 N.E.2d 83 (8th Dist.).

> **"A stipulation of fact renders proof unnecessary." * * * "Where parties choose to stipulate facts in lieu of presenting evidence, they '[waive] any error that may have occurred with respect to the fact that the trial court decided this case without hearing evidence presented by the parties.' " * * ***

---

above the legal limit pursuant to R.C. 4511.19(A)(1)(d). Doc. 33. This motion was granted and the trial court dismissed the one charge with prejudice. Doc. 39.

*Crow v. Nationwide Mut. Ins. Co.*, 159 Ohio App.3d 417, 2004 -Ohio- 7117, ¶ 18, 824 N.E.2d 127, (5th Dist.). *See also Citizens Bank, N.A. v. Richer*, 8th Dist.Cuyahoga No. 107744, 2019-Ohio-2740, ¶ 38 (a stipulation waives any error caused by a failure to hold a hearing on the issue addressed by the stipulation).

{¶4} The record shows that in this case, both the State and Miller stipulated to the fact that Miller had been chewing gum during the 20 minute observation period and agreed to submit arguments regarding the effect of this in writing rather than delay the hearing on the motion to suppress. Since both parties agreed to the stipulations, they have waived any errors. The first assignment of error is overruled.

{¶5} In the second assignment of error, Miller claims that the trial court erred in denying his motion to suppress. An appellate review of the trial court's decision on a motion to suppress involves a mixed question of law and fact. *State v. Urdiales*, 3d Dist. Henry No. 7-15-03, 2015-Ohio-3632, ¶ 12, 38 N.E.3d 907. The reviewing court must accept the trial court's findings of fact if the record supports the findings by competent, credible evidence. *Id.* However, the reviewing court then independently determines, without deference to the trial court, whether the facts satisfy the legal standards as a matter of law. *Id.*

{¶6} In this case there are no findings of fact because there was no hearing. The only facts before the trial court came from the stipulation in lieu of a hearing. The parties specifically stipulated that the issue was that Miller had been chewing

gum during the 20 minute observation period and what the effect of that would be. May 13, 2020 Tr. at 2-3. This court notes that the State argued in its brief that Miller did not present any testimony to prove he was chewing gum. However, Miller did not have to prove that fact because the stipulation sets it forth. The stipulation of the issue only exists if he was chewing gum during that time.[2] The trial court's finding that there was no evidence that Miller was chewing gum during that time is contrary to the only evidence before it, the stipulation that he was chewing gum during that 20 minute time period. Thus, this Court must accept the fact set forth in the stipulation and address the legal consequence of this fact.

{¶7} If a defendant wishes to suppress the results of a breath analysis test, the defendant must set forth an adequate factual basis with sufficient particularity to put the State on notice as to the issues contested. *State v. Blair*, 3d Dist. Marion No. 9-12-14, 2013-Ohio-646, ¶ 35. Once the defense has done that, the State has the burden of proof to demonstrate substantial compliance with the Ohio Department of Health regulations. *Id.* If the State meets this burden, the defendant then bears the burden of overcoming the presumption of admissibility by demonstrating prejudice. *Id.*

---

[2] If we do not accept the underlying fact of the issue, then the trial court in essence failed to hold any hearing on the motion to suppress as no evidence would have been presented by either side. The stipulation to facts in lieu of a hearing requires that the facts raised in the stipulation be accepted to negate the need to hold a hearing.

{¶8} Courts in Ohio have generally recognized that one of the elements in a breath test is that the person being tested must be observed for twenty minutes before the test to prevent the oral intake of any material. *State v. Shockey*, 3d Dist. Marion No. 9-14-06, 2014-Ohio-5004, ¶ 6. "This requirement operates 'to eliminate the possibility that the test result is a product of anything other than the subject's deep lung breath." *Id*. quoting *State v. McAuley,* 8th Dist. Cuyahoga No. 76720, 2000 WL 1038186, *4 (July 27, 2000). This court has previously held that "if an accused orally ingests any material within the twenty-minute observation, the test as administered was not in 'substantial compliance' with the Ohio Department of health regulations." *State v. Siegel*, 138 Ohio App.3d 562, 568, 2000-Ohio-1747, 741 N.E.2d 938. "Oral intake" is the oral ingestion of a substance in a manner that would allow it to be digested and passed into the blood stream or be taken into the lungs in a manner that would affect the breath test result. *State v. Rennick*, 7th Dist. Belmont No. 02 BA 19, 2003-Ohio-2560, ¶ 22. Chewing gum during the 20-minute observation period prior to the breath test is considered an "oral intake or ingestion" which could affect the result of the test. *Id*. at ¶ 23. The act of chewing gum necessarily results in the combination of some of the ingredients in the gum with the saliva, which will be swallowed and ingested. *State v. Baldridge*, 5th Dist. Ashland No. 01-COA-01412, 2001-Ohio-7029. At least one manual has specifically noted that a defendant should not have gum in his or her mouth during

the observation period before the test. *See State v. McLeod*, 5th Dist. Knox No. 2011-CA-22, 2012-Ohio-1797, ¶ 15.

**{¶9}** Here, the parties stipulated that Miller was chewing gum during the 20-minute observation period. As there was no hearing, only the stipulation, this is the only evidence before the trial court.[3] Based upon this stipulation, there is no dispute that the test was not performed in substantial compliance with the Ohio Department of Health's regulations. The result of this failure is that the results of the test are thus inadmissible as a matter of law. For this reason, the second assignment of error is sustained.

**{¶10}** Miller's third assignment of error alleges that the trial court erred by improperly instructing the jury. As this court has sustained the second assignment of error regarding the motion to suppress, the third assignment of error is now moot. This Court will therefore not address it at this time. App.R. 12(A)(1)(c).

**{¶11}** Having found prejudice in the particulars assigned and argued, the judgment of the Tiffin-Fostoria Municipal Court is reversed and the matter is remanded to the trial court for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Remanded*

---

[3] The dissent errantly points to the video and testimony of witnesses. However, all of this evidence was only later presented at trial, not at a hearing on the motion to suppress. As such, it was not available for the trial court to review when ruling on the motion to suppress and cannot be part of our consideration of that motion. While the State presented arguments regarding what the evidence could have been in its brief to the trial court on the motion, those are just arguments, not evidence.

**ZIMMERMAN J., concurs.**

**SHAW, J., dissents,**

{¶12} I must respectfully dissent from a majority opinion which repeatedly and inaccurately states the parties agreed to a "stipulation" that the defendant was chewing gum prior to and/or during the breath test, and that there is nothing else in the record on the matter. In fact, there are police videos of the defendant before and during the test, as well as the testimony of multiple witnesses, including the defendant, which the trial court reviewed, either via pretrial suppression and in liminal hearings or as evidence introduced in a jury trial. In all of these instances, the trial court repeatedly and consistently found that the videos and witness testimony, including the testimony of the defendant, were not sufficient as a matter of law to demonstrate factually or otherwise support the claim that the defendant was chewing gum or anything else immediately prior to or during the breath test; so much so that the trial court ultimately instructed the jury to specifically disregard any evidence of chewing gum introduced at the trial.

{¶13} In sum, had the majority looked at this record, the notion of any agreement or meeting of minds regarding the "issue" of chewing gum is immediately dispelled by the fact that the state's initial memorandum and argument to the court following the so called "stipulation" as well as the trial court's initial ruling on the issue, was focused entirely upon what the record showed about

"whether" the defendant was chewing gum, and not merely the legal consequences for the test where it is established or agreed that the defendant was chewing gum, as now alleged by the defendant.

{¶14} More importantly however, it doesn't matter what any of the parties may have thought they were stipulating to because from the very beginning the trial court immediately and consistently rejected the defense's "stipulated offer of fact" as completely unsubstantiated and therefore contrary to the actual facts of the case, based upon the videos and later the testimony of the witnesses and the defendant before the jury. I know of no authority, nor does the majority indicate any, to suggest that the trial court does not have the discretion and perhaps even the obligation to reject any proposed stipulation of fact by the parties in such circumstances.

{¶15} While the trial court in this case may have made legal and evidentiary rulings in submitting issues to or removing issues from the jury that could be the subject of legitimate review by this court, the decision of the trial court to reject a proposed stipulation of fact or issue as not supported by the actual evidence in the record, is not one of them. As such, the summary decision of the majority to decide this case based solely upon our own finding of an "agreed stipulation of fact" which the record shows the trial court itself determined not to be factually accurate, is an abuse of this court's discretion. It is basically akin to this court ruling that by merely

signing an approval of a trial court judgment entry, trial counsel has entered into a consent judgment.

**/hls**