**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 216.]**

VILLAGE OF BOLIVAR, APPELLEE, *v.* DICK, APPELLANT.

[Cite as *Bolivar v. Dick*, 1996-Ohio-409.]

*Motor vehicles—Driving while intoxicated—Observation requirement of BAC Verifier operational checklist satisfied, when.*

When two or more officers, one of whom is a certified operator of the BAC Verifier, observe a defendant continuously for twenty minutes or more prior to the administration of a breath-alcohol test, the observation requirement of the BAC Verifier operational checklist has been satisfied.

(No. 95-372—Submitted at the New Philadelphia Session April 17, 1996—

Decided July 31, 1996.)

CERTIFIED by the Court of Appeals for Tuscarawas County, No. 94AP040025.

———————————

{¶ 1} On January 10, 1993, Patrolman James Goodall of the Bolivar Police Department arrested appellant, Jessica Dick, for driving under the influence of alcohol. Goodall transported Dick to the Ohio State Highway Patrol post in New Philadelphia, where a BAC Verifier test was administered by Trooper Andrew Slezak, a certified operator of the BAC Verifier. Patrolman Goodall observed Dick continuously for over one-half hour prior to arriving at the Highway Patrol station; upon their arrival, Trooper Slezak observed Dick for "roughly sixteen minutes" prior to administering the BAC Verifier test. Dick's breath-alcohol level exceeded the prohibited level and she was charged with violating village of Bolivar Ordinance 434.01(A)(3).

{¶ 2} The trial court granted Dick's motion to suppress the results of the BAC Verifier test because the twenty-minute observation requirement of the operational checklist in the BAC Verifier Report Form (see Appendix A) had not been complied with by Trooper Slezak. The court of appeals reversed, finding that

together Patrolman Goodall and Trooper Slezak had substantially complied with the twenty-minute observation requirement

{¶ 3} The court of appeals entered an order certifying a conflict with other jurisdictions on the following issue: "Whether, in a prosecution pursuant to R.C. 4511.19, the result of a breath-alcohol content test is admissible where the Department of Health regulation that the subject be observed for twenty minutes before administration of the test is satisfied in whole or in part by someone other than the operator of the testing equipment." The cause is now before this court upon our determination that a conflict exists.

––––––––––––––––––

*Richard L. Fox,* Bolivar Solicitor, for appellee.

*William K. Hanner,* for appellant.

––––––––––––––––––

**PFEIFER, J.**

{¶ 4} There is no dispute about the facts in this case. Jessica Dick was arrested for driving under the influence. She took a breath-alcohol test on the BAC Verifier and the results were above the level prohibited by Bolivar Ordinance 434.01(A)(3) and by R.C. 4511.19.[1] The only issue is whether, in a prosecution pursuant to R.C. 4511.19 (or any similar municipal ordinance), the result of a breath-alcohol test is admissible when the Department of Health regulation which requires the subject to be observed for twenty minutes prior to administration of the test is satisfied in whole or in part by someone other than the operator of the testing instrument.

––––––––––––

1. Bolivar Ordinance 434.01 (A)(3) is substantially similar to R.C. 4511.19(A). "Because the local ordinance is patterned after R.C. 4511.19, our analysis refers to R.C. 4511.19 and the relevant case law interpreting that statute." *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 3, 573 N.E.2d 32, 34.

**{¶ 5}** R.C. 4511.19 (D) states that any bodily substance collected for the purpose of determining whether a person is in violation of the statute "shall be analyzed in accordance with the methods approved by the director of health ***." Regulations promulgated by the Director of Health in Ohio Adm.Code 3701-53-02 (B) state in pertinent part that "[b]reath samples shall be analyzed according to the operational checklist for the instrument being used." Thus, the operational checklist, which is part of the BAC Verifier Test Report Form (see Appendix A), provides the "methods approved by the director of health" for the operation of the BAC Verifier.

**{¶ 6}** The first item on the operational checklist is "Observe subject for twenty minutes prior to testing to prevent oral intake of any material." It is clear that the focus of this item is "to prevent oral intake of any material" and not to ensure that a certified operator does the observing. See *State v. Steele* (1977), 52 Ohio St.2d 187, 6 O.O.3d 418, 370 N.E.2d 740. Further, under the holding of *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902, at paragraph one of the syllabus, "the results of a urine-alcohol test administered in substantial compliance with Ohio Adm.Code 3701-53-05 are admissible in a prosecution under R.C. 4511.19." With respect to the issue before us, we see little difference between a urine-alcohol test and a breath-alcohol test and adopt the holding of *Plummer* to the case at hand. Accordingly, we hold that when two or more officers, one of whom is a certified operator of the BAC Verifier, observe a defendant continuously for twenty minutes or more prior to the administration of a breath-alcohol test, the twenty-minute observation requirement of the BAC Verifier operational checklist has been satisfied.

**{¶ 7}** The judgment of the court of appeals is affirmed, and the case is remanded to the trial court for further proceedings consistent with this decision.

*Judgment affirmed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and STRATTON, JJ., concur.

———————————