[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3.
 {¶ 2} Defendant-appellant Scott Atkinson was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(3). Following the trial court's denial of Atkinson's motion to suppress evidence, Atkinson entered a plea of no contest, and the trial court convicted him of the offense. This appeal followed.
 {¶ 3} In a single assignment of error, Atkinson first argues that the trial court erred by finding that a police officer had probable cause to arrest him following the administration of field sobriety tests, because the officer had failed to strictly comply with standardized police procedures in administering the tests. But the trial court did not base its finding of probable cause to arrest on the field sobriety tests. The court correctly held that, even without the evidence of Atkinson's performance on the field sobriety tests, the police had probable cause to arrest Atkinson.
 {¶ 4} The evidence at the suppression hearing demonstrated that Cincinnati Police Officer Jenny Dickman was on patrol as part of the city's traffic unit when she was informed by a motorist that a black pickup truck had nearly run her car off the interstate. Officer Dickman then spotted Atkinson's black pickup truck as it weaved three times across a marked lane line; according to the officer, Atkinson "was weaving across lanes of traffic, jerking [his] car back across into the proper lane." When Officer Dickman approached Atkinson's truck, she detected a strong odor of an alcoholic beverage emanating from inside the truck. Atkinson admitted that he had been drinking. He was somewhat belligerent, and his eyes were bloodshot and watery. Officer Dickman testified that Atkinson "was unsteady on his feet. He used the truck and the door for support and then he walked back to the rear of the truck. He used the side of the truck for support."
 {¶ 5} The totality of the facts and circumstances surrounding an offense can support a finding of probable cause to arrest even where no field sobriety tests have been administered.[1] In State v. Homan,[2]
the Supreme Court of Ohio held that a police officer's observations of erratic driving, the driver's red and glassy eyes, the smell of alcohol on the driver's breath, and the driver's admission of consumption of alcoholic beverages amply supported the officer's decision to place the driver under arrest. Accordingly, we hold that the trial court properly found that the officer had probable cause to arrest Atkinson based upon his erratic driving, the odor of an alcoholic beverage, his watery and bloodshot eyes, his admission of alcohol consumption, and the unsteadiness that caused him to hold onto his truck for support.
 {¶ 6} Atkinson also argues that the trial court erred by failing to suppress the results of his breath test, where the police had failed to substantially comply with the twenty-minute observation period prior to administration of the test. The sole purpose of the twenty-minute observation period is "to prevent oral intake of any material."[3] A witness who testifies to that foundational fact is not required to show that the defendant was constantly within his or her view, "but only that during the relevant period the subject was kept in such a location or condition or under such circumstances that one may reasonably infer that his ingestion of any material without the knowledge of the witness is unlikely or improbable."[4] In order to overcome that inference, the defendant must demonstrate that he did, in fact, ingest some material during the twenty-minute period.[5]
 {¶ 7} A single officer need not watch the defendant for twenty minutes prior to a breath test. Two or more officers may observe the defendant continuously for twenty minutes or more prior to the administration of the test in order to meet the twenty-minute requirement.[6]
 {¶ 8} In this case, the record demonstrates that Officer Dickman had observed Atkinson continuously for ten minutes prior to his arrest. She then handcuffed Atkinson behind his back and placed him in the molded rear seat of her cruiser. Following an inspection of the cruiser's rear seat, Officer Dickman testified that "there was nothing in the car he could have possibly ingested being handcuffed in the rear." Officer Dickman left her cruiser to hand Atkinson's keys to a fellow officer, which took about thirty-four seconds.
 {¶ 9} As she drove Atkinson to the police station, Officer Dickman repeatedly looked in the cruiser's rear-view mirror to check on him. Once at the police station, Officer Dickman asked a fellow officer to watch Atkinson. That officer testified that he watched Atkinson for approximately ten minutes to ensure that he did not ingest anything. Atkinson did not allege that he had ingested any substance. Because the record demonstrates that a continual observation period of thirty-seven minutes passed, we hold that the trial court properly determined that the police had substantially complied with the twenty-minute observation period prior to the administration of the breath test.
 {¶ 10} Accordingly, we overrule the single assignment of error and affirm the judgment of the trial court.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] See State v. Homan, 89 Ohio St.3d 421, 427, 2000-Ohio-212,732 N.E.2d 952.
[2] 89 Ohio St.3d 421, 2000-Ohio-212, 732 N.E.2d 952. See, also,Cincinnati v. Sims (Oct. 26, 2001), 1st Dist. Nos. C-010178 and C-010179 (evidence of erratic operation, strong odor of alcohol, admission of alcohol consumption, and watery, bloodshot eyes provided probable cause to arrest); Cincinnati v. Wolfe, 1st Dist. Nos. C-010303 and C-010304, 2001-Ohio-3916 (evidence of driver's admission of involvement in an accident, odor of alcohol, bloodshot and watery eyes, and admission of alcohol consumption provided probable cause to arrest); Cincinnati v.Jacobs, 1st Dist. Nos. C-010279, C-010280 and C-010281, 2001-Ohio-4031 (evidence of driver's failure to properly use turn signals, odor of alcohol, glassy and bloodshot eyes, slurred and stuttered speech, and driver's repeated fumbling in his wallet when asked for his driver's license provided probable cause to arrest).
[3] Bolivar v. Dick, 76 Ohio St.3d 216, 217, 1996-Ohio-409,667 N.E.2d 18.
[4] State v. Adams (1992), 73 Ohio App.3d 735, 740, 598 N.E.2d 176;State v. Parks (May 8, 1991), 1st Dist. Nos. C-900291 and C-900337 (observation of defendant who was handcuffed in the rear of a police cruiser during the drive to the police station counted toward twenty-minute observation period); see, also, State v. Faykosh, 6th Dist. No. L-01-1244, 2002-Ohio-6241.
[5] State v. Adams (1992), 73 Ohio App.3d 735, 740, 598 N.E.2d 176.
[6] See Bolivar v. Dick, 76 Ohio St.3d 216, 217, 1996-Ohio-409,667 N.E.2d 18.