OPINION
{¶ 1} This is an appeal from the Mount Vernon Municipal Court's denial of Appellant's motion to suppress.
 {¶ 2} Appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 3} On May 18, 2002, a traffic stop was initiated by a State Highway Patrolman after he observed Appellant driving a vehicle with a cracked windshield and no front license plate. (T. at 6). Appellant also was not wearing a safety belt.
 {¶ 4} Appellant traveled another three-quarters of a mile prior after Trooper Hershey activated his lights, finally stopping, in the middle of her lane of travel, after the Trooper sounded his air horn.
 {¶ 5} Upon contact with Appellant, Trooper Hershey noticed a strong odor of alcohol. He also noted that Appellant's speech was slow and slurred and she was having difficulty following directions. Trooper Hershey also observed several beer cans scattered inside the vehicle.
 {¶ 6} Trooper Hershey requested Appellant to submit to field sobriety tests.
 {¶ 7} Based on her performance on said tests and the aforementioned observances, Trooper Hershey placed Appellant under arrest, mirandized her, handcuffed her and placed her in the back of the cruiser. Trooper Hershey checked appellant's mouth for any foreign material, finding none.
 {¶ 8} Upon arriving at the Sheriff's office, Trooper Hershey again checked appellant's mouth. Appellant was than given a BAC test which resulted in a reading of .160 BAC.
 {¶ 9} Appellant was charged with one count of DUI in violation of R.C. 4511.19(A)(1) and (A)(3).
 {¶ 10} On June 14, 2002, Appellant filed a Motion to Suppress the BAC results arguing that the arresting officer failed to properly observe her for twenty minutes prior to administration of the test.
 {¶ 11} Subsequent to the hearing held on said motion on July 2, 2002, the trial court denied Appellant's motion to suppress.
 {¶ 12} On August 6, 2002, Appellant entered a plea of no contest to the charges. The trial court found Appellant guilty and sentenced her to 60 days in jail with 50 suspended on conditions, a fine of $450.00 and a two-year license suspension.
 {¶ 13} Appellant timely filed a notice of appeal assigning the following error for review:
ASSIGNMENT OF ERROR
 {¶ 14} "The trial court erroneously denied defendant's motion to supress [sic] when the evidence produced at the supression hearing conclusively demonstrates that the office [sic] failed to observe the defendant for twenty minutes prior to conducting an alcohol breath test in violation of the Ohio Administrative Code."
 I. {¶ 15} In her sole assignment of error, Appellant argues that the trial court erred in denying her motion to suppress asserting that the State did not substantially comply with the Ohio Department of Health regulations. Ohio Adm. Code 3701-53-02. We disagree.
 {¶ 16} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v.Claytor (1993), 85 Ohio App.3d 623, 627; State v. Guysinger (1993),86 Ohio App.3d 592.
 {¶ 17} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 18} Appellant's argument is predicated upon the BAC Verified Test Report Form, issued by the Department of Health, which requires that a subject be observed for twenty (20) minutes, prior to administration of the test, to prevent oral intake of any materiel.
 {¶ 19} The sole purpose of the twenty minute observation period is to prevent the oral intake of any material. Bolivar v. Dick,76 Ohio St.3d 216, 218, 1996-Ohio-409; State v. Steele (1977),52 Ohio St.2d 187. A witness who testifies to that foundational fact is not required to show that the subject was constantly within his view.State v. Adams (1992), 73 Ohio App.3d 735, 740. Rather, it is necessary to establish only that during the twenty minute period the subject was kept in such a location that the subject's ingestion of any material without the knowledge of the witness is unlikely or improbable. Id. "To overcome that inference, the accused must then show that he or she did, in fact, ingest some material during the twenty-minute period." Id. The mere ascertainment "that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyzer test results inadmissible." Id. citing to Steele, supra, at 192.
 {¶ 20} In this case, the officer testified that during the required twenty minute observation period, appellant was handcuffed with her hand behind her back while riding in the patrol car. (T. at 12, 17-18). He also testified that he checked her mouth before placing her in the cruiser and again upon entering the Sheriff's office. Id.
 {¶ 21} Appellant offered no evidence that she did, in fact, ingest any material. Therefore, the trial court did not err in overruling appellant's motion on the basis of improper administration
 {¶ 22} Based on the foregoing, we find Appellant's sole assignment of error not well taken and overrule same.
 {¶ 23} The decision of the trial court is affirmed.
By: Boggins, J., Gwin, P.J. and Farmer, J. concur