OPINION
{¶ 1} Plaintiff-appellant State of Ohio appeals the decision the Monroe County Common Pleas Court entered in favor of defendant-appellee Lorie Camden on her motion to suppress the results of the BAC DataMaster breath test. The issue to be decided by this court is whether the trial court erred in suppressing the breath test on the grounds that the arresting officer did not substantially comply with the rule requiring a twenty-minute observation of the test subject prior to administering the test. For the following reasons, the judgment of the trial court is reversed and remanded.
 STATEMENT OF FACTS {¶ 2} In the early morning hours on May 2, 2004, State Highway Patrol Trooper Scott Moore stopped a pickup truck driven by Camden in Monroe County, Ohio. The vehicle was stopped because Trooper Moore observed the vehicle traveling over both the centerline and the right-hand side line. (Tr. 6).
 {¶ 3} Once the vehicle was stopped, Trooper Moore asked Camden for her license, registration and proof of insurance. He then asked her to come back to his car (he explained this was standard procedure for midnight shift). (Tr. 10). Once she was in his car, he detected an odor of alcohol and noticed that her eyes were bloodshot and glassy. (Tr. 11, 12). He then asked her if she had any alcohol to drink; she responded that she did. (Tr. 11). Selected field sobriety tests, Horizontal Gaze Nystagmus Test (HGN) and Portable Breath Test (PBT), were then administered. (Tr. 12, 15-16, 18). The results of the tests showed that she was impaired; six clues were found on the HGN test and she registered a .193 on the PBT. (Tr. 12, 18).
 {¶ 4} Camden was then handcuffed, arrested and placed in the front seat of the cruiser. (Tr. 20-21). She was handcuffed with her hands, palms together, in front of her body. (Tr. 20). The Trooper also restrained her by placing the seat belt on her. (Tr. 21). Camden was going to be transported to Woodsfield to perform a breath test on the BAC DataMaster. (Tr. 20). However, prior to taking Camden for the test, Trooper Moore moved her vehicle, which took about three minutes. (Tr. 21, 25). During this time Camden was not within Trooper Moore's eyesight at all times. (Tr. 21).
 {¶ 5} Camden took the DataMaster breath test 17 minutes after the Trooper moved her vehicle. Thus, Trooper Moore admitted that the twenty-minute observational time period that is required by the Ohio Administrative Code included the time period when he moved Camden's vehicle. Prior to administering the test, Trooper Moore did not ask whether she had placed anything in her mouth for the twenty minutes prior to the test. (Tr. 27). The test result was above the legal limit; she registered a .189.
 {¶ 6} Camden was charged with violating R.C. 4511.19(A)(1)(8). Subsequently, she moved to suppress the evidence on the grounds that the trooper lacked probable cause to initiate the stop and on the ground that she was not observed by the testing officer continuously for twenty minutes immediately prior to the test. The trial court denied the probable cause aspect of the motion; however, it sustained the suppression motion on the ground that the trooper did not substantially comply with the twenty-minute requirement as set forth by the Department of Health. The state appeals this decision claiming that the trial court's holding substantially weakens the state's proof as to the charge of driving with a prohibited blood alcohol level in violation of R.C. 4511.19(A)(1)(8).
 ASSIGNMENT OF ERROR {¶ 7} "The trial court erred in suppressing the bac datamaster test result on grounds that the arresting officer had not complied with the rule requiring twenty-minute observation of the test subject."
 {¶ 8} "This court has previously concluded on numerous occasions that our standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Lloyd (1998), 126 Ohio App.3d 95,100; State v. Winand (1996), 116 Ohio App.3d 286, 288, citingTallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. Such a standard of review is appropriate as, `[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' State v. Hopfer (1996), 112 Ohio App.3d 521, 548, quoting State v. Venham (1994), 96 Ohio App.3d 649, 653. As a reviewing court, this Court must accept the trial court's factual findings and the trial court's assessment of witness credibility. Statev. Brown (Sept. 7, 1999), 7th Dist. No. 96-B-22, citing State v.Anderson (1995), 100 Ohio App.3d 688, 691. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard.State v. Williams (1993), 86 Ohio App.3d 37, 41, overruled on other grounds as stated in Village of McComb v. Andrews (Mar. 22, 2000), 3d Dist. No. 5-99-41." State v. Walker, 7th Dist. No. 03MA238, 2004-Ohio-5790, at ¶ 11.
 {¶ 9} The trial court, after hearing the evidence, stated that while the trooper moved Camden's vehicle, Camden was not in his presence, that the trooper testified that Camden could have gotten into her pockets and that prior to the test the trooper did not ask Camden if she had placed anything in her mouth. (08/06/04 J.E.). Given those facts, the court found "that this evidence does not meet a standard of substantial compliance with the rules of the Department of Health, as they apply to the twentyminute waiting period." (08/06/04 J.E.).
 {¶ 10} The state contends that the twenty-minute observational rule does not require an officer keep the subject in constant view; rather, the officer's surveillance must render it unlikely that the subject could ingest anything without the officer's knowledge. While the state acknowledges that the twenty-minute observational time included the approximate three minutes that the trooper did not observe Camden, it maintains that since she was handcuffed, restrained by a seat belt, her purse was not within in her reach, and she admitted that she did not ingest anything during those three minutes, substantial compliance was met. Thus, according to it, the trial court erred in granting the motion to suppress the results of the BAC DataMaster breath test on the grounds that the trooper did not substantially comply with the twenty-minute observational period.
 {¶ 11} Camden argues that the officer did not strictly, or in the alternative substantially, comply with the twenty-minute observational period. Camden argues the testimony establishes that she was not observed for the twenty-minute observational period and that she had a stomach problem and was belching during the observational period.
 {¶ 12} "R.C. 4511.19(D) states that any bodily substance collected for the purpose of determining whether a person is in violation of the statute `shall be analyzed in accordance with the methods approved by the director of health * * *.' Regulations promulgated by the Director of Health in Ohio Adm. Code 3701-53-02(B) state in pertinent part that `[b]reath samples shall be analyzed according to the operational checklist for the instrument being used.' Thus, the operational checklist, which is part of the BAC Verifier Test Report Form (see Appendix A), provides the `methods approved by the director of health' for the operation of the BAC Verifier.
 {¶ 13} "The first item on the operational checklist, which is part of the BAC Verifier Test Report Form, states `Observe subject for twenty minutes prior to testing to prevent oral intake of any material.'"Bolivar v. Dick, 76 Ohio St.3d 216, 218, 1996-Ohio-409.
 {¶ 14} Thus, the Director of Health requires the twenty-minute observational period, and accordingly, the state must substantially comply. Id.; State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 34 (stating that under the substantial compliance standard errors that are excusable are "minor procedural deviations"). See, also, State v.Steele (1977), 52 Ohio St.2d 187.
 {¶ 15} In Steele, the Ohio Supreme Court explained the reason for the twentyminute observational period before testing. It explained that the observational period is used to eliminate the possibility that the test result is a product of anything other than the suspect's deep lung breath. Id. at 190. It explained that since the "accuracy of the test results can be adversely affected if the suspect either ingests material orally, like food or drink or regurgitates material internally, by belching or vomiting, the suspect must be observed" for twenty minutes to verify that no external or internal material causes a false reading.State v. Douglas, 1st Dist. No. C-030897, 2004-Ohio-5726, at ¶ 9, citingSteele, 52 Ohio St.2d at 190.
 {¶ 16} In the matter before this court, it is undisputed that the observational time includes the approximate three minutes when the trooper was moving Camden's truck, and, as such, she was outside the view of the trooper during this time period. Furthermore, it is undisputed that during this time period Camden was handcuffed, restrained with a seat belt, her purse was outside her reach and she admitted that she did not place anything in her mouth during this period of time. (Tr. 20, 21, 22, 47).
 {¶ 17} Recently, we have stated that substantial compliance is the standard to be used to determine whether the twenty-minute observational period was met. State v. Rennick, 7th Dist. No. 02BA19, 2003-Ohio-2560, at ¶ 19, referencing Steele, 52 Ohio St.2d at 192. We explained that substantial compliance of the twenty-minute observational period does not require the officer to continuously observe the subject for the entire twenty minutes. Rennick, 7th Dist. No. 02BA19, 2003-Ohio-2560, at ¶ 19, referencing Steele, 52 Ohio St.2d at 192. We took that opportunity to reiterate pervious court holdings that stated that an officer comports with the twenty-minute requirement if his surveillance renders it unlikely that the subject could ingest anything without the officer's knowledge. Rennick, 7th Dist. No. 02BA19, 2003-Ohio-2560, at ¶ 19, citing Steele, 52 Ohio St.2d at 192 and State v. Adams (1992),73 Ohio App.3d 735, 740. Thus, the fact that Camden was outside the trooper's view for almost three minutes does not necessarily mean that substantial compliance was not met.
 {¶ 18} That said, we do acknowledge that there was testimony that even though Camden was handcuffed and restrained by a seat belt that she could still have had access to her pockets. (Tr. 27). Furthermore, prior to administering the test, Camden was not asked if she had placed anything in her mouth during the twenty-minute observational period. (Tr. 27).
 {¶ 19} Those two factors alone may support a finding that the officer failed to substantially comply with the twenty-minute observational period; however, to come to that conclusion we would have to ignore some of Camden's own testimony. Camden testified at the suppression hearing that she did not put any foreign object into her mouth during the three minutes the trooper was not observing her, let alone the twenty-minute observational period. (Tr. 47).
 {¶ 20} In addressing a similar factual scenario, the Sixth Appellate District has stated that:
 {¶ 21} "Observational periods for as short as seventeen minutes have been held to be in substantial compliance with the rule when, as here, the time was coupled with additional time during which defendant was handcuffed and in the back seat of a police cruiser and the defendant offered no testimony that he or she ingested anything during this time."State v. Crawford (Dec. 14, 2001), 6th Dist. No. F-01-014, citing Statev. Weidner (Sept. 29, 2000), 6th Dist. No. OT-00-001; State v. Valentine
(Aug. 12, 1993), 4th Dist. No. 91 CA 1843; State v. Morrow (Dec. 11, 1991), 5th Dist. No. 91-05.
 {¶ 22} We agree with our sister district's reasoning. As stated above, the purpose of the twenty-minute observational period is to ensure that the accuracy of the test is not tainted by the ingestion of material orally or by belching or vomiting. Camden's own admission that she did not place any foreign object in her mouth during the twenty-minute observational period destroys any ruling based upon the fact that the officer's surveillance (or lack thereof in this situation) rendered the test results unreliable because of the possibility of a foreign object being placed in her mouth. Thus, her argument that the officer failed to substantially comply with the observational time period fails.
 {¶ 23} Regarding the second part of Camden's argument that the trial court's ruling should be upheld because the testimony established that she was belching during the twenty minute observational period, we find that this argument also fails. Camden's testimony, if believed, established that she was belching during the twentyminute observational period. (Tr. 44, 46, 47). However, there was testimony from the trooper that he did not notice her belching. (Tr. 51). Thus, the determination of whether or not she was belching during the twenty-minute period is a credibility question.
 {¶ 24} The trial court's judgment clearly was based upon the fact that Camden could have gotten into her pocket and that she was not asked if she had placed anything in her mouth during the observational period. It was not based upon the belching. The trial court did not make a ruling on the belching, i.e., it is unclear whether it believed her testimony. This court is not in the position to state that it either believes or disbelieves her testimony. It is the province of the trial court to determine credibility since it is "best able to view the witnesses and observe their demeanor, gestures and voice inflections." Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Accordingly, we can only review the decision as to the reasons the trial court provided. Thus, Camden's argument fails.
 {¶ 25} For the foregoing reasons, the judgment of the trial court based upon the fact that Camden could have gotten into her pockets and that prior to the test she was not asked if she had placed anything in her mouth is reversed and this case is remanded for further proceedings according to law and consistent with this Court's opinion.
Waite, J., concurs. DeGenaro, J., concurs.