{¶ 11} Because I believe that the majority misinterprets the checklist requirement at issue, I respectfully dissent. *Page 5 
 {¶ 12} In Bolivar v. Dick,[9] the Ohio Supreme Court determined that the purpose of the checklist requirement is, as its very language indicates, "to prevent oral intake of any material." The requirement makes no distinction between matters coming from outside or from inside a person's body. It "is stated in absolute terms and does not distinguish between any particular substances."[10]
 {¶ 13} R.C. 3701.143 charges the director of health with promulgating regulations that will ensure the accuracy of blood-alcohol test results in an R.C. 4511.19 prosecution. Because a conviction under the "per se" offenses in R.C. 4511.19 turns almost exclusively on the result of such a test, accurate testing is critical. In my opinion, by equating blood with saliva, the majority has created an exception to the checklist requirement never intended by the director of health. It is not the charge of this court to determine testing methods.
 {¶ 14} Blood is not normally present on the inside of a person's mouth. The trial court in this case found that Wood had been bleeding into her mouth and had ingested blood during the observation period. I believe that this constituted "oral intake" in violation of Ohio Adm. Code 3701-53-02(C) and the corresponding checklist requirement.
 {¶ 15} I would affirm the judgment of the trial court.
Please Note:
The court has recorded its own entry on the date of the release of this decision.
[9] Bolivar v. Dick, 76 Ohio St.3d 216, 218, 1996-Ohio-409,667 N.E.2d 18; see, also, State v. Steele (1977), 52 Ohio St.2d 187,370 N.E.2d 740.
[10] Painter Looker, Ohio Driving under the Influence Law (2007 Ed.), Section 7:12. *Page 1