[Cite as *State v. Hawkins*, 2020-Ohio-3266.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 19 CA 43 |
| JENNIFER HAWKINS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court,
                             Case No.  19 TRC 1284


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 8, 2020


APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

JOSEPH M. SABO                    ANDREW T. SANDERSON
CITY of LANCASTER LAW DIRECTOR    BURKETT & SANDERSON, INC.
MITCH HARDEN                      738 East Main Street
ASSISTANT PROSECUTOR              Lancaster, Ohio  43130
136 West Main Street, P.O. Box 1008
Lancaster, Ohio  43130

*Wise, J.*

{¶1}   Appellant Jennifer Hawkins appeals her conviction on one count of Operating a Motor Vehicle While under the Influence of Alcohol, entered in the Fairfield County Municipal Court following a plea of no contest.

{¶2}   Appellee is State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3}   On February 17, 2019, in Fairfield County, Ohio, Trooper Angle with the Ohio State Highway Patrol conducted a traffic stop on a vehicle for failing to use its turn signal prior to turning, as well as for having expired license plate tags. (Supp. T. at 8). Upon making contact with the driver of the vehicle, Appellant Jennifer Hawkins, Trooper Angle observed Appellant to have glassy and bloodshot eyes, slurred speech, and the odor of an alcoholic beverage. *Id.* Appellant also admitted to consuming alcohol. *Id.*

{¶4}   Based on his initial observations, Trooper Angle had Appellant exit the vehicle to perform standardized field sobriety tests. *Id.* Due to Appellant's poor performance on these field sobriety tests, as well as his other observations of impairment, Trooper Angle placed Appellant under arrest for operating a motor vehicle while under the influence of alcohol (hereinafter "OVI"). *Id.*

{¶5}   Trooper Angle then read Appellant the BMV 2255 Form, and, after being explained the consequences for taking or refusing a chemical test, Appellant submitted to a breath test. *Id.* After Appellant's first breath test resulted in an invalid sample, Appellant submitted to a second test, which resulted in a blood alcohol content (hereinafter "BAC") of .132 grams of weight of alcohol per 210 liters of breath. *Id.*

**{¶6}** Appellant was ultimately charged with OVI under R.C. § 4511.19(A)(1)(a) and R.C. § 4511.19(A)(1)(d), as well as a turn signal violation under R.C. § 4511.39.

**{¶7}** On February 26, 2019, Appellant appeared before the Fairfield County Municipal Court, where she entered a plea of Not Guilty to the charges of OVI under §4511.19(A)(1)(a), OVI Breath under §4511.19(A)(1)(d), and a turn signal violation under §4511.39.

**{¶8}** On August 6, 2019, Appellant filed a Motion in *Limine* and Motion to Suppress Evidence, arguing that her breath sample was not collected in accordance with the applicable rules and regulations. Specifically, Appellant argued that law enforcement did not substantially comply with approved methods when, after her first breath test produced an invalid sample, an additional twenty-minute observation period was not performed prior to conducting the second breath test. *Id*.

**{¶9}** On August 20, 2019, the State of Ohio filed its Reply to Defendant's Supplemental Memorandum.

**{¶10}** Appellant and the State waived an oral hearing on the matter and asked the trial court to issue its ruling based upon the briefs submitted by the parties, as well as the following stipulated facts :

1. On or about, February 17, 2019, at 2:36 AM Jennifer Hawkins, the defendant herein, did operate a motor vehicle in Fairfield County, Ohio.

2. That officers of the Ohio Highway Patrol observed Ms. Hawkins commit turn signal violations while operating the vehicle.

3. That the officers were operating a marked police cruiser, were duly appointed members of law enforcement with all the necessary training and experience to hold their positions and were wearing the uniform on the day when they encountered Ms. Hawkins.

4. That the officers properly effectuated a traffic stop of Ms. Hawkins and, in the course of the same, developed probable cause to believe that she was operating a motor vehicle under the influence of alcohol.

5. As a result, Ms. Hawkins was placed under arrest, transported from the scene and asked to submit a sample of her breath for chemical testing.

6. That the attached exhibit A shows the results of the chemical testing of Ms. Hawkins related to this case.

7. All of this behavior occurred in Fairfield County, Ohio.

{¶11} By Judgment Entry filed August 22, 2019, the trial court denied Appellant's motion to suppress.

{¶12} On September 5, 2019, Appellant entered a plea of No Contest to the charges.

{¶13} Appellant now appeals to this Court, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶14} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING EVIDENCE OF THE DEFENDANT-APPELLANT'S PURPORTED BREATH ALCOHOL CONTENT TO BE DEEMED ADMISSIBLE HEREIN."

**I.**

**{¶15}** In her sole assignment of error, Appellant argues the trial court erred in denying her motion to suppress. We disagree.

<u>Standard of Review</u>

**{¶16}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726.

**{¶17}** In the instant appeal, appellant's challenge of the trial court's ruling on her motion to suppress is based on the third method. Accordingly, this Court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.

**{¶18}** Appellant's argument herein is predicated upon the BAC Verified Test Report Form, issued by the Department of Health, which requires that a subject be observed for twenty (20) minutes, prior to administration of the test, to prevent oral intake of any materiel.

{¶19} The sole purpose of the twenty minute observation period is to prevent the oral intake of any material. *Bolivar v. Dick,* 76 Ohio St.3d 216, 218, 1996-Ohio-409*; State v. Steele* (1977), 52 Ohio St.2d 187, 370 N.E.2d 740.

{¶20} Here, the initial testing of Appellant's BAC returned an "invalid sample" message.

{¶21} The BAC Datamaster Basic Operation Guide defines "invalid sample" as:

Invalid Sample. This message is seen only during a subject or simulating test if conducted during the subject test mode. The instrument has detected a negative going value during the test that is inconsistent with the expected test progression. This can be caused by a subject blowing too hard as saliva droplets can be forced through the mouthpiece and into the sample chamber causing a somewhat unstable reading. It can also be caused by the presence of mouth alcohol. *See* Section entitled 'Datamaster Sampling Systems.' usually a retest of the subject after a short period will result in a valid test.

{¶22} This Court has previously considered and rejected a suggestion that the observation period restarts after an invalid sample. *State v. Reiger*, 5th Dist. Fairfield No. 02CA30, 2002-Ohio-6673; *See also State v. Hagans*, 5th Dist. Knox No. 02CA38, 2003-Ohio-2703.

{¶23} In *Reiger, supra*, this Court held that an officer's failure to wait 20 minutes before administering a second breath analysis test to a defendant who was arrested for driving under the influence (DUI) did not invalidate second test's results, although both Bureau of Alcohol and Drug Testing memorandum and test device guide recommended

20-minute waiting period; state administrative code did not require a waiting period, and first test's failure was caused by defendant's failure to blow into the machine rather than by mouth alcohol. R.C. §4511.19(A)(1),(6).

**{¶24}** This Court noted that "the above language found in the memorandum and operating guide is not found in the regulations promulgated by the Ohio Director of Health and set forth in the Ohio Administrative Code relative to the use of the BAC Datamaster. In the event of possible conflict or ambiguity between them, we believe the regulations as embodied in the Ohio Administrative Code control. Though there may not have been strict compliance with the memorandum or guide, we find there was strict compliance with the regulations." *Id.*

**{¶25}** By so finding, we note our decision is in accord with our colleagues from the Twelfth District in *State v. Bosier* (Jul. 24, 2000), Clinton App. No. CA99-11-036, unreported; the Fourth District in *State v. Matlack* (Nov. 2, 1995), Athens County App. No. 95CA1658, unreported (1995WL646355); the Sixth District in *State v. Gigliotti* (Dec. 22, 2000), Erie County App. No. E-99-081, unreported (2000WL1867265); and the Eighth District in *City of Rocky River v. Papandreas* (Mar. 23, 2000), 2000WL 301080.

**{¶26}** Appellee introduced nothing to suggest that she did, in fact, ingest some material during the 20 minute period. A mere assertion that ingestion during the 20 minute period was hypothetically possible, without more, did not render the test results inadmissible. *State v. Raleigh,* Licking App. No. 2007–CA–31, 2007-Ohio-5515, 2007 WL 2994237, at ¶ 51.

**{¶27}** Appellant's sole assignment of error is overruled.

**{¶28}** Accordingly the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/kw